THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Toby J. <br><br>    Plaintiff, <br><br> v. <br><br> Martin J. O'Malley <br> Commissioner of Social Security, <br><br>    Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:23-cv-36 DBP <br><br> Chief Magistrate Judge Dustin B. Pead |

  Plaintiff Toby J.[1] seeks judicial review of the decision of the Commissioner of Social Security denying his claim for disability insurance benefits and supplemental security income under the Social Security Act.[2] After careful review of the Administrative Record (AR),[3] the briefs submitted by the parties, and relevant case law, the undersigned concludes that the Commissioner's decision is not supported by substantial evidence and remands for further proceedings.[4]

## BACKGROUND

  In September 2020, Plaintiff applied for disability insurance benefits and supplemental security income alleging disability beginning on January 1, 2020. Plaintiff has a history of mental illness and alleges he started hearing voices recently.

---

[1] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[2] Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case consented to the undersigned conducting all proceedings, including entry of final judgment with appeal to the United States Court of Appeals for the Tenth Circuit. ECF No. 13.

[3] ECF No. 12.

[4] The court therefore grants Plaintiff's Motion for Review of Agency Action. ECF No. 13.

After a hearing before an Administrative Law Judge (ALJ), the ALJ issued a decision finding Plaintiff not disabled. In following the five-step sequential evaluation process for determining disability,[5] the ALJ found Plaintiff has the severe impairments of schizoaffective disorder, depression, anxiety, schizotypal personality disorder, and a narcissistic personality disorder. The ALJ assessed the following residual functional capacity (RFC): full range of work at all exertional levels with certain nonexertional limitations including "being limited to simple, routine, and repetitive tasks in a work environment fee of fast-paced production requirements, simple work-related decisions, few workplace changes, and only occasional brief and superficial interaction with the public, coworkers, and supervisors."[6]

At the hearing the vocational expert (VE) testified that Plaintiff could not perform his past relevant work as an office clerk, customer service representative, or an office clerk position.[7] In response to a hypothetical presented by the ALJ, the VE testified that the hypothetical person could perform the jobs of janitor and automobile detailer.[8] In the decision, the ALJ noted the testimony of the VE and Plaintiff's RFC, in finding Plaintiff could perform these other jobs. Thus, Plaintiff was not disabled under the Act. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[9] This appeal followed.

---

[5] *Smith v. Colvin*, 821 F.3d 1264, 1266 (10th Cir. 2016) ("The Social Security Administration has established a five-step process for consideration of disability claims"); 20 CFR 416.920(a).

[6] AR 19.

[7] Plaintiff testified that his work was that of an office manager. However, as described, the VE testified that it was more like an office clerk position.

[8] AR 47.

[9] *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[10] The term "substantial evidence" is a term of art and under this standard, "a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."[11] Further, "whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency [in reviewing Social Security decisions] is not high."[12] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[13]

As noted by the Supreme Court, "an ALJ's factual findings … 'shall be conclusive' if supported by 'substantial evidence.'"[14] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[15]

## DISCUSSION

On appeal Plaintiff contests the ALJ's subjective symptom analysis. When considering a claimant's subjective symptoms, a two-step process is utilized. First, the ALJ "must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's

---

[10] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[11] *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[12] *Id.*

[13] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[14] *Biestek*, 139 S.Ct. at 1153 (quoting 42 U.S.C. § 405(g)).

[15] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

symptoms, such as pain."[16] Second, the ALJ must "evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities."[17] In so doing, an ALJ must "examine the entire case record" and consider factors such as: the claimant's daily activities; the duration, frequency, and intensity of symptoms; medication taken and whether it alleviates the symptoms; and other treatment or measures used to relieve the symptoms.[18] An ALJ also considers any inconsistencies between a claimant's statements and the record or inconsistences in the evidence.[19]

In considering Plaintiff's symptoms the ALJ cited to treatment records in early 2020 providing that "when compliant with medications [Plaintiff] was alert, oriented, pleasant, and cooperative with good eye contact."[20] The ALJ then noted other examinations were "relatively mild" and the record showed relatively stable mental status examinations.

The record relied on by the ALJ and the Commissioner, states the following from a visit on April 30, 2020:

> INTERVAL HISTORY: Patient states that life is good considering COVID 19. He is still working and denies having any unmet needs for food or anything like that. He states that his sleep is much better and that his appetite has decreased slightly. He has been intentionally losing weight because he is 5'7" and got up to 200 pounds. He is compliant with his medication and uses hardly any alcohol.
>
> MENTAL STATUS EXAMINATION: Patient Is alert, oriented, neat, clean, pleasant, and cooperative. Patient maintains good eye contact and has a bright

---

[16] Soc. Sec. Ruling 16-3p Titles II & Xvi: Evaluation of Symptoms in Disability Claims, SSR 16-3P, 2017 WL 5180304, at *3 (S.S.A. Oct. 25, 2017); *see also* 20 C.F.R. §§ 404.1529(b), 416.929(b).

[17] SSR 16-3P, 2017 WL 5180304, at *4; *see also* 20 C.F.R. §§ 404.1529(c), 416.929(c).

[18] SSR 16-3P, 2017 WL 5180304, at *9-10; *see also* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

[19] 20 C.F.R. §§ 404.1529(c)(4); 416.929(c)(4).

[20] AR 21.

affect. There is no psychomotor agitation or retardation. His speech is of normal rate, rhythm, and volume. He describes his mood as good. Thought processes are linear, logical, and goal directed. Thought content is negative for suicidal or homicidal ideation. Insight and judgment are good at this time.[21]

Approximately five months later in September 2020, the record reflects a more negative examination with no indication of non-compliance with medication. The record states:

> INTERVAL HISTORY: Patient states that he has struggled for a long time but is unable to articulate those problems to me because of his suspicion and paranoia. He describes himself as impulsive, very suspicious, obsessive, and argumentative. He stales that he has not been able to keep a job because of this. He states that he has struggled with depression for many years end always wished that he could die. His last suicide attempt was in 2017 after being fired from a Job. He states that he was fired from his last job because he caused trouble on the floor and gave his boss pushback. Patient states that it just recently hit him that he wasn't able to Seep and work. … Patient has seemed paranoid in the office. He struggles with paranoia, erratic behavior, suicidal ideation, and extreme anxiety.[22]

The mental status examination on this same date provides "There is paranoia and possible delusions of persecution. Patient is highly anxious. Insight is fair. Judgment is adequate at this time."[23]

As is often the case in social security matters, subsequent examinations showed some positives such as being alert, oriented, pleasant, and no suicidal ideation.[24] During these same exams, however, there were negatives such as presenting paranoid, poor eye contact, "[s]peach is sparse and patient has some difficulty making sentences", and scattered thought processes.[25]

The undersigned is keenly aware that it is not proper to "reweigh the evidence nor substitute … judgment for that of the agency."[26] Instead, the court looks to whether the correct

---

[21] AR 559.

[22] AR 563.

[23] AR 564.

[24] AR 638.

[25] AR 638.

[26] *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir.1991).

5

legal standards were applied and whether the factual findings are supported by substantial evidence in the record.[27] Here, the court finds the ALJ's analysis is flawed by the unsupported notion that Plaintiff was non-compliant with medication. In reviewing the record carefully, the court finds no evidence of Plaintiff's non-compliance with medication. Starting from that improper premise undermines an examination of Plaintiff's subjective symptoms and taints the review of the medical record. Thus, the court agrees with Plaintiff's argument that the ALJ erred in considering his subjective symptoms, which in turn undermines the RFC determination. The factual findings of the ALJ are not supported due to this faulty premise of non-compliance with medication.

What remains is the proper remedy for this error. Plaintiff urges the court to "remand for the payment of benefits as additional proceedings serves no useful purpose and only cause[s] unnecessary delay."[28] Reversing and remanding for an immediate award of benefits is rare. The Supreme Court has stated:

> If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.[29]

This is not the rare circumstance warranting an immediate award of benefits. Rather, the court remands for further proceedings, including consideration of the record paying particular attention to Plaintiff's compliance with medications.

---

[27] *Madrid*, 447 F.3d at 790.

[28] ECF No. 13 p. 9.

[29] *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 1607, 84 L.Ed.2d 643 (1985); Cf. *SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947) (describing the reasons for remand).

## CONCLUSION

Because the ALJ's decision is not supported by substantial evidence and legally sound, it is reversed and remanded for further consideration. Plaintiff's motion for review of the Commissioner's decision is GRANTED.

IT IS SO ORDERED.

DATED this 13 February 2024.

_____
Dustin B. Pead
United States Magistrate Judge